Brian P. R. Eisenhower
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006-3776
Tel: (212) 669-0617
Email: beisenhower@hillrivkins.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PICC PROPERTY AND CASUALTY COMPANY LIMITED HANGZHOU BRANCH,<br><br>  Plaintiff,<br><br> - against -<br><br>EVERGREEN MARINE (ASIA) PTE. LTD. and NINGBO UNION OCEAN SHIPPING CO., LTD.,<br><br>  Defendants. | Case No. 1:24-cv-597<br><br>**COMPLAINT** |

Plaintiff, PICC Property and Casualty Company Limited Hangzhou Branch, by and through its attorneys Hill Rivkins LLP, as and for its Complaint against the above-named defendants, alleges upon information and belief as follows:

1. This action arises from a shipment of 4,960 solar modules (the "Cargo").

2. The Cargo was to be transported, in part by ocean carriage, from Thailand to Maryland to West Virginia.

3. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

4.     The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clauses contained in the applicable bills of lading, the operative terms and conditions of service, and/or the contracts of carriage for the shipment at issue.

5.     Defendants have consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clauses.

6.     At all times relevant hereto, plaintiff PICC Property and Casualty Company Limited Hangzhou Branch (hereinafter "PICC") was and now is a company or other business entity organized and existing by virtue of the law of China, with an office and place of business at No.27, Tiyuchang Road, Gongshu District Hangzhou, Zhejiang, 310005 China.

7.     At all times relevant hereto, defendant Evergreen Marine (Asia) Pte. Ltd. (hereinafter "Evergreen") was and now is a corporation or other business entity organized and existing by virtue of the law of Singapore, licensed by the U.S. Federal Maritime Commission (organization no. 029054) and engaged in business as a vessel-operating common carrier ("VOCC") of goods for hire, and issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels under the name "Evergreen Line," with an office and place of business at 200 Cantonment Road, No. 12-01 Southpoint, Singapore, 089763.

8.     At all times relevant hereto, defendant Ningbo Union Ocean Shipping Co., Ltd. (hereinafter "Ningbo Union") was and now is a corporation or other business entity organized and existing by virtue of the law of China, licensed by the U.S. Federal Maritime Commission (organization no. 023140) and engaged in business as a non-vessel-operating common carrier ("NVOCC") of goods for hire, and issuing bills of lading and/or sea waybills for the common

carriage of goods aboard certain ocean-going vessels, with an office and place of business at 16/F., Fortune Bldg., No. 828 Fuming Road, Jiangdong, Ningbo 315040 China.

9.  Pursuant to 46 C.F.R. § 515.24, Ningbo Union has designated and maintains Distribution-Publications, Inc., located at 1999 Harrison Street, Suite 650, Oakland, CA 94612, as its agent in the United States for the receipt and service of judicial and administrative process.

10. PICC insured the owner, seller, and/or consignee of the Cargo.

11. Pursuant to a claim made under a certain policy of insurance, PICC paid its insureds for the loss at issue, less a deductible, and became subrogated to its insureds' rights, remedies, and causes of action with respect to the Cargo, including those asserted against the Defendants herein.

12. Plaintiff brings this subrogation action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

13. In or about November 2022, the Cargo was tendered, in good order and condition and suitable in every respect for the intended transportation, to defendant Evergreen, and/or one of its sub-contractors for which it is liable, who received, accepted and agreed to transport the Cargo in part by ocean carriage for certain valid consideration from Laem Chabang, Thailand, to Baltimore, Maryland, under Evergreen Line bill of lading no. EGLV050201256361.

14. In or about November 2022, the Cargo was tendered, in good order and condition and suitable in every respect for the intended transportation, to defendant Ningbo Union, and/or one of its sub-contractors for which it is liable, who received, accepted and agreed to transport the Cargo in part by ocean carriage for certain valid consideration from Laem Chabang, Thailand, to Baltimore, Maryland, to West Virginia under Ningbo Union bill of lading no. LYCW256361.

15. The Cargo was transported in forty-foot shipping containers.

16. Container nos. TLLU4048061 and TLLU5374329 were found to have physical damage before they left the marine terminal in Baltimore by truck.

17. 275 of the solar modules inside the containers were in damaged condition when they were picked up from the marine terminal in Baltimore.

18. The defendants, and/or one or more sub-contractors for which they are liable, failed to exercise reasonable care and diligence by failing to take adequate precautions and/or properly protect the Cargo from damage.

19. By reason of the premises, the defendants, and/or one of more sub-contractors for which they are liable, failed to deliver the Cargo in the same good order and condition as it was received; breached their statutory, contractual, and/or common law duties and obligations as common carriers, VOCCs, NVOCCs, and/or bailees of the Cargo; were negligent and careless in their handling of the Cargo; and were otherwise at fault and/or liable for the damages alleged herein.

20. Plaintiff and its insureds have duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

21. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $60,882.25.

**WHEREFORE**, Plaintiff prays:

(i) that process in due form of law according to the practice of this Court may issue against the defendants, citing them to appear and answer the foregoing;

(ii) that judgment be entered in favor of Plaintiff against the defendants in the amount of $60,882.25, together with costs, interest, and reasonable attorney's fees; and

(iii)   for such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   New York, New York
         January 26, 2024

                                  HILL RIVKINS LLP,
                                  *Attorneys for Plaintiff*

By:   S/ Brian P. R. Eisenhower
      Brian P. R. Eisenhower
      45 Broadway, Suite 2110
      New York, NY 10006-3776
      Tel: (212) 669-0617
      Email: beisenhower@hillrivkins.com